IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

01 DEC 31 PM 4:16

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| SANDY MARTIN, individually and as Administratrix of the Estate of Timothy Lee Martin, deceased, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BIBB COUNTY, ALABAMA; GEORGE FLEMING, )<br>in his individual and representative capacity as Sheriff )<br>of Bibb County, Alabama; ARTHUR HARRIS, in his )<br>individual and representative capacity as Chief Jailer )<br>of Bibb County, Alabama; GENE MORELAND, in his )<br>individual and representative capacity;   RAY SAN- )<br>SING, in his individual and representative capacity; )<br>and NAPOLEAN WORRELL, in his individual and )<br>representative capacity; )<br>)<br>Defendants. ) | **ENTERED**<br><br>JAN - 2 2002<br><br>Civil Action Number<br><br>00-TMP-2344-W |

## MEMORANDUM OPINION REJECTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

In this jail suicide case, the Court has carefully considered the Report and Recommendation of the Magistrate Judge that Plaintiff's claims for injunctive relief and punitive damages, as well as her claims against the defendant Sheriff and the defendant Chief Jailer in their official capacities, be dismissed with prejudice; but that the claims against all Defendants in their individual capacities be allowed to proceed. The Court must reluctantly conclude that the individual capacity claims against Defendants are also due to be dismissed for the reasons which follow.

1

I

According to the Amended Complaint, Plaintiff's intestate, Timothy Lee Martin, was arrested and taken to the Bibb County Jail on May 15, 2000. "The Decedent was depressed and under the influence of intoxicating beverages." (Amended Complaint at p. 3.) He was placed in a "holding tank," not adequately supervised and

> given materials from which potentially dangerous items could be constructed. Furthermore, the Decedent's place of detention contained exposed and accessible pipes, gratings, screens, or other items which were potentially unsafe and constitute a total lack of proper and necessary care and facilities. Furthermore, the Defendants know that suicides and attempted suicides had occurred in the past.

(*Id.* at ¶ 15, p. 4.) As a result of the Defendants' failure "to maintain the Bibb County Jail in conformity with the law," the Decedent suffered severe physical pain, emotional distress, and mental anguish which resulted in his hanging [himself] to death." (*Id.* at ¶ 16.)

II

Unfortunately for Plaintiff, the Eleventh Circuit cases have consistently held that absent knowledge of a detainee's suicidal tendencies, failure to prevent suicide does not amount to deliberate indifference. *Popham v. City of Talladega,* 908 F.2d 1561, 1564 (11th Cir. 1990); *Edwards v. Gilbert,* 867 F.2d 1271, 1274-75 (11th Cir. 1989). "No matter how defendants' actions might be viewed, the law in this circuit makes clear that [defendants] cannot be liable under § 1983 for the suicide of a prisoner 'who never had threatened or attempted suicide and who had never been considered a suicide risk.' " *Schmelz v. Monroe County*, 954 F.2d 1540, 1545 (11th Cir. 1992) (quoting *Edwards,* 867 F.2d at 1277).

In an *en banc* decision, the Circuit held that a finding of deliberate indifference requires that officials have <u>notice of the suicidal tendencies of the specific individual whose rights are at</u>

2

issue in order to be held liable for the suicide of that individual. *Tittle v. Jefferson County Commission,* 10 F.3d 1535, 1539-40 (11th Cir. 1994) (citation omitted). Furthermore, the official must have notice of a "strong likelihood, rather than a mere possibility" of the particular decedent's suicidal tendencies. *Id.* (citation omitted).

### III

Under the existing law of the Circuit, the Defendants are entitled to qualified immunity based on the allegations of the complaint. No matter how broadly read, the complaint affords no basis for an inference that Defendants were on notice that Plaintiff's intestate had suicidal tendencies. In the absence of the requisite allegations, the Court must grant the immunity which the law bestows on the Defendants.

The failure of Plaintiff to allege notice to Defendants of a history of suicidal proclivities on th part of the Decedent is also fatal to the wantonness claim. *See Popham v. City of Talladega,* 582 So. 2d 541 (Ala.1991).

The complaint simply does not state a cause of action under either the Rehabilitation Act of 1973, 20 U.S.C. § 794, or the American With Disabilities Act, 42 U.S.C. §12131 *et seq.*

By separate order, the case will be dismissed.

Done this 28th day of December, 2001.

Chief United States District Judge
U.W. Clemon